IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**KRISTEN GIBBS,**

    Plaintiff,

v.                                                  CA No. _____

**CITY OF HOUSTON,**

                                                                           JURY DEMANDED

    Defendant.

PLAINTIFF'S ORIGINAL COMPLAINT

1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive, and equitable relief; compensatory and actual damages; and costs and attorney's fees for discrimination and retaliation suffered by Plaintiff, Kristen Gibbs, due to CITY OF HOUSTON (hereinafter "Defendant") taking adverse employment actions against her. This action arises under the Title VII of the Civil Rights Act, as amended.

2. JURISDICTION

2.1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), and Title VII of the Civil Rights Act, as amended.

2.2. Jurisdiction is appropriate because Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission alleging discrimination and retaliation.

2.3. Jurisdiction is also appropriate since the EEOC issued a decision allowing the Plaintiff the right to sue.

2.4. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, 2202 and Title VII of the Civil Rights Act, as amended.

2.5. Actual damages, to include back pay and front pay are sought pursuant to Title VII of the Civil Rights Act, as amended.

2.6. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and Title VII of the Civil Rights Act, as amended.

2.7. Compensatory damages may be awarded pursuant to 42 U.S.C. § 198la(a)(1) and Title VII of the Civil Rights Act, as amended.

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant resided in this judicial district.  Defendant's place of business is located in the district.

## 4. PARTIES

4.1. Plaintiff, Kirsten Gibbs, was an employee of Defendant and at the time her causes of action accrued and she was and is a resident of Harris County.

4.2. Defendant City of Houston is a local municipality and an employer, employees more than 20 employees and engages in interstate commerce. Defendant can be effectuated by serving the City of Houston City Secretary, 900 Bagby Houston, Texas 77002.

## 5. STATEMENT OF THE CLAIMS

FACTS

5.1. Plaintiff is a loyal and long-term female officer of the City of Houston Police Department. Through hard work and effort, Plaintiff rose to the rank of Lieutenant.

5.2. On April 30, 2015, Plaintiff had interviewed for a position with Defendant, Captain K.N. Campbell. Captain Campbell is male.

5.3. Captain Campbell specifically mentioned the "rumor mill" and said that he did not want "any drama" – clearly making a reference to the previous Lieutenant, a female (Tammy DeLuke). Around this time, Plaintiff heard a rumor that the Assistant Chief was considering filing a complaint on Captain Campbell regarding the situation with Lt. LeDuke.

5.4. Plaintiff began officially working for Captain Campbell on June 22, 2015.

5.5. On June 23, 2015, Captain Campbell made Plaintiff acting Captain and sent Plaintiff to a Crime Strategy meeting in Campbell's place. Captain Campbell routinely made Plaintiff acting Captain over the next several months. Campbell would email Plaintiff regularly every day and speak in person or on the phone, to include after hours.

5.6. On June 29, 2015, Plaintiff had their first meeting with Captain Campbell regarding Plaintiff's concerns about Campbell's treatment of subordinates, including Plaintiff.

5.7. On August 27, 2015, Plaintiff spoke with Assistant Chief Finner regarding her concerns of Captain Campbell's inappropriate treatment of subordinates, including Plaintiff.

5.8. Plaintiff again met with Captain Campbell about Campbell's inappropriate behaviors on September 15, 2015 and again on September 30, 2015.

5.9. On September 30, 2015, Captain Campbell yelled at a female, Sgt. Lisa Hinds and pounded his desk in a hostile manner.

5.10. Sgt. Hinds reported this incident to the Plaintiff; Plaintiff had a telephone conversation regarding this specific inappropriate behavior regarding a female with Assistant Chief Finner.

5.11. The sergeant informed the Plaintiff she was filing a complaint and asked for the Plaintiff to drive her to 1200 Travis which the Plaintiff did. Hinds was sent to ADR [formerly known as Women's Issues]. Hinds and the Plaintiff returned to the station.

5.12. On October 2, 2015, Sgt. Hinds went to IAD to formalize her complaint. Plaintiff drove her.

5.13. Plaintiff tried to call Captain Campbell; he wholly failed to return Plaintiff's calls.

5.14. After this, Captain Campbell's treatment of both the Plaintiff and Sgt. Lisa Hinds noticeably changed for the worse and less favorable than comparators. On December 30, 2015, Plaintiff informed Captain Campbell that it was clear Defendant was treating Sgt. Hinds differently and that she was considering retiring and filing a retaliation complaint against the Defendant. The Plaintiff also called Assistant Chief Finner and informed of this information.

5.15 On January 21, 2016, Captain Campbell informed Plaintiff that he could no longer work with the Plaintiff as the Defendant perceived the Plaintiff as having an adversarial relationship with him. The Plaintiff informed Assistant Chief Finner of this.

5.16 On March 28, 2016, the position "closes" for Sgt. Hinds' position. On April 5, 2016, Plaintiff informed Captain Campbell that a candidate is missing paperwork. Captain Campbell informed the Plaintiff that he had given permission for any candidate to turn in paperwork late.

5.15. On April 6, 2016, Captain Campbell instigated an improper and inappropriate incident with the Plaintiff in the hallway. When the Plaintiff saw the Captain Campbell in the hallway, Plaintiff asked the Captain Campbell if he reviewed the Plaintiff's email, which was important. While standing near several other subordinates he proceed to laugh at the Plaintiff's official request. The Plaintiff went to ADR and was directed to type a statement. Plaintiff expressed concerns about making this gender bias complaint as given the Captain's inappropriate retaliatory and inappropriate behavior Plaintiff was concerned about the repercussions and retaliation. It turns out that was rightfully so.

5.16   On April 11, 2016, Plaintiff submitted the discrimination complaint to ADR. While the Plaintiff pointed out in their statement that she had abundant documentation to support the Plaintiff's allegations, Defendant wholly failed to request the documents. Instead, Defendant sent Plaintiff "no contact" orders.

5.17   Defendant refused to allow Plaintiff to attend Sgt. Lisa Hinds' retirement party due to the "no contact" orders.

5.18   On May 11, 2016, Plaintiff informed the IAD investigator, Sgt. Colburn, that she was concerned that they had failed to contact any witness to corroborate their complaint, specifically Lisa Hinds.

5.19   The Plaintiff made similar concerns about the failure to contact her witnesses to Lt. Bradley Moorefield in June of 2016.

5.20   Plaintiff was informed in June 2016 that Captain Campbell was now complaining that Plaintiff flouted his authority.

5.21   Plaintiff was asked by Ray Hunt, President of the HPOU and asked the names of the Plaintiff's two female witnesses who should have been interviewed. When Plaintiff provided the names of Lisa Hinds and Tammy LeDuke, Ray Hunt said that the AC Provost told him that those names were not in the Plaintiff's letters. This was not true. Both names were in the Plaintiff's letters multiple times.

5.22   In the Step 5 meeting on August 17, 2016, the synopsis was grossly biased and factually wrong in several areas. Assistant Chief Finner was not truthful contrary to written documentation Plaintiff provided. Captain Campbell was not truthful contrary to written documentation. Neither Sgt. Hinds or Tammy LeDuke had been interviewed by Defendant. The AC provost stated that the investigation would be sent back for additional information.

5.23   On August 29, 2017, the final recommendation was that Plaintiff's gender bias allegation against Captain Campbell was determined to be unfounded. The allegation that Plaintiff used improper police procedure (re the interview process) was not sustained. A cite of flouting authority was sustained against Plaintiff.

5.24   The synopsis was written by Lt. S.D. Garner, the same lieutenant who had exonerated Captain Campbell regarding Lisa Hinds' original complaint. The discipline recommendation and adverse action after Plaintiff's protected activity was 5 to 9 days off with a 5-year reckoning period.

5.25.  Clearly, bias and conflict of interest existed.

5.26   Further, Defendant took further retaliatory and adverse actions by transferring Plaintiff and changing her shift greatly

5.27   Defendant discriminated and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act as amended based on her gender and for engaging in protected activity.

5.28   As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to, humiliation and embarrassment among co-workers, students and others; sustained damage to Plaintiff credibility; sustained damage to Plaintiff prospects for future employment.

## 6   ADMINISTRATIVE CONDITIONS PRECEDENT

6.1   Plaintiff brought this suit within ninety (90) days from the date of receipt of the EEOC's issuance of the notice of right to sue.

6.2   Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination.

## 7  PRAYER

7.1  WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

  7.1.1  Declare Defendant's conduct in violation of Plaintiff's rights;

  7.1.2  Enjoin the Defendant from engaging in such conduct;

  7.1.3  Order Defendant to pay Plaintiff actual damages including but not limited to, back pay and front pay and benefits for which Plaintiff was qualified for the period remaining until Plaintiff's normal retirement age.

  7.1.4  Order Defendant to pay Plaintiff's costs and attorneys' fees in this action.

  7.1.5  Award Plaintiff compensatory damages for benefits and emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

  7.1.6  Grant Plaintiff pre-judgment and post-judgment interest;

  7.1.7  Order Defendants to pay Plaintiff's costs and attorney's fees in this action; and,

  7.1.8  Order and grant such other relief as is proper and just.

Respectfully Submitted,

/s/ *Ellen Sprovach*
Ellen Sprovach
USDC SD/TX No. 22202
Texas State Bar ID 24000672
ROSENBERG | SPROVACH
3518 Travis
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG | SPROVACH                    ATTORNEYS FOR PLAINTIFF